IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40327
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTANA LEMUS-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-282-1
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Santana Lemus-Flores, federal prisoner # 76579-079, appeals
from the district court's August 24, 1999, denial of his motion
to vacate, set aside or correct sentence pursuant to 28 U.S.C.
§ 2255, and from the district court's February 17, 2000, denial
of his motion to reduce sentence. Lemus-Flores argues that he is
entitled to have his sentence reduced because he provided post-
sentencing assistance to the Government. As authority for his
motion to reduce sentence, Lemus-Flores cited 18 U.S.C.
§ 3553(e), which authorizes a district court, upon motion of the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Government, to impose an original sentence below the statutory minimum to reflect the defendant's substantial assistance in investigating or prosecuting another person, and U.S.S.G. § 5K1.1, which authorizes a district court to depart downward from a guidelines sentence upon motion of the Government.

Lemus-Flores' February 28, 2000, request for a certificate of appealability may be construed as a notice of appeal. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). However, the appeal is untimely as to the denial of his § 2255 motion and we are therefore without jurisdiction to entertain it. See Rule 11, Rules Governing § 2255 Proceedings; Fed. R. App. P. 4(a).

The appeal is timely as to the district court's denial of the motion to reduce sentence. However, because the district court was without jurisdiction to consider the motion, we affirm. Absent a motion by the Government, there is no authority for the district court to now reduce Lemus-Flores' sentence. See Fed. R. Crim. P. 35(b). By the plain language of the amended Rule 35(b), reduction of sentence in this circumstance is permitted only on the Government's motion. United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994) (citations omitted). Thus, the district court did not have jurisdiction to entertain Lemus-Flores' motion to reduce his sentence.

AFFIRMED.