United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41364
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT HOLLIS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CR-105-1
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Roosevelt Hollis, federal prisoner # 10019-078, appeals the

district court's denial of his post-conviction motion for a

sentence reduction relating to his 1995 drug-trafficking

convictions. Hollis asserts that he is entitled to a downward

departure based on his "substantial assistance" in the

prosecution of a separate case. Citing principles of contract

law, Hollis contends that the Government was bound to honor its

alleged promise to move for a sentence reduction based on/in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

exchange for Hollis' grand jury testimony.  Hollis asserts that the Government's unwillingness to move for a sentence reduction stemmed from Hollis' refusal to oblige subsequent requests for his assistance in other criminal investigations.

Federal Rule of Criminal Procedure 35(b) provides that the district court, on motion of the Government, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense.  By its plain language, Rule 35(b) authorizes the Government, not the defendant, to file a motion seeking a reduced sentence.  See United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994).  When the Government agrees to file a substantial assistance motion, the Government's refusal to file the motion is not reviewable unless that refusal is based on an unconstitutional motive such as race or religion.  Wade v. United States, 504 U.S. 181, 185 (1992); United States v. Sneed, 63 F.3d 381, 389 n.6 (5th Cir. 1995).  The mere claim that a defendant provided substantial assistance does not warrant a remedy, and general allegations of improper motive are insufficient to establish a constitutional violation.  Wade, 504 U.S. at 186.

Hollis' arguments in support of his motion for downward departure are based on little more than the unsubstantiated claim that he provided substantial assistance in the investigation of a separate criminal case.  Hollis fails to demonstrate that the Government agreed to file a substantial assistance motion in

exchange for his grand jury testimony.  Even if such an agreement did exist, the Government's failure to file the motion is not reviewable since Hollis' general allegations of improper motive are insufficient establish a constitutional violation.  <u>Wade</u>, 504 U.S. at 186.

AFFIRMED.