867 F.2d 830
 UNITED STATES of America, Plaintiff-Appellee,
v.
Irineo ESQUIVEL-CORTES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara LOPEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adriana P. ALANIZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel SENSEBE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso MARTINEZ-FLORES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Gilbert DEERING, Defendant-Appellant.
 No. 88-1669
 Summary Calendar.
Nos. 88-2478, 88-2646, 88-2648, 88-2740 and 88-5628.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 24, 1989.
Opinion on Rehearing in No. 88-2740 April 3, 1989.
Rehearing Denied in No. 88-5628 April 3, 1989.
 
 Joseph J. Rey, Jr., El Paso, Tex., for Irineo Esquivel-Cortes.
 Helen M. Eversberg, U.S. Atty., El Paso, Tex., Henry K. Oncken, U.S. Atty., Houston, Tex., and LeRoy Morgan Jahn, and Collis White, U.S. Attys., San Antonio, Tex., and Paula C. Offenhauser, Frances H. Stacy and Mark Dowd, Asst. U.S. Attys., Houston, Tex., for U.S.
 Nago L. Alaniz, San Diego, Tex., for Barbara Lopez and Adriana P. Alaniz.
 Luis A. Fors, Miami, Fla., for Miguel Angel Sensebee.
 Roland E. Dahlin, II, and Thomas S. Berg, Federal Public Defenders, Houston, Tex., for Alfonso Martinez-Flores.
 David A. Ayon, San Antonio, Tex. (court-appointed), for Daniel Gilbert Deering.
 Appeal from the United States District Court for the Western District of Texas.
 Before POLITZ, KING and SMITH, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 In each of these six cases, consolidated by the court for disposition, the appellant was convicted of a felony offense and sentenced to a term within the Sentencing Guidelines promulgated in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. Sec. 3551 et seq., and 28 U.S.C. Secs. 991-998. The challenges to the constitutionality of the Sentencing Reform Act, the United States Sentencing Commission, and the Sentencing Guidelines, which appellants advance, were rejected in United States v. Mistretta, --- U.S. ----, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Only appellants' respective challenges to their sentences remain, and the threshold question is whether a basis for appellate review exists where the appellant has failed to particularlize the claimed error. Finding that no such basis exists, we dismiss the appeals.
 
 
 2
 The Sentencing Reform Act provides for limited appellate review of sentences. If the sentence is above or below the range established by the guidelines, the defendant or government, respectively, may appeal. Either may appeal an incorrect application of the guidelines or a sentence imposed in violation of the law or the Constitution. 18 U.S.C. Sec. 3742.
 
 
 3
 The Federal Rules of Appellate Procedure require that every appellant file a brief containing, inter alia, a statement of the issues presented for review, a statement of the facts relevant to those issues, the contentions made, and the reasoning and citations in support of those contentions. Fed.R.App.P. 28. Failure of an appellant to comply with this rule may result in dismissal of the appeal. Fed.R.App.P. 3(a). Consistent with congressional purpose, we have simplified the briefing requirement for appeals in criminal cases which challenge only the sentence imposed.
 
 
 4
 This court has prepared a form numbered DKT-3C(CR), entitled "Docketing Statement--Criminal Appeals," a copy of which is attached as Appendix A. When the appeal questions only the sentence, the completed docketing statement and attachments will be deemed to be appellant's brief if the appellant so chooses.[1] If the appeal faults the application of the guidelines, the form directs the appellant to designate whether the district court erred in its factual findings or in its legal analysis. As relates to this designation, a note in the margin, in type identical to the text, instructs: "Use additional page to respond to these paragraphs. State the reasons in separate paragraphs. Cite authority for your statements."
 
 
 5
 The requirements of DKT-3C(CR) are clear and unambiguous. If the appellant opts not to file a brief when he is appealing only the sentence, the completed docketing statement will be deemed to be the appellant's brief. To qualify for this treatment, the docketing statement must set forth with adequate particularity the factual and/or legal basis for the appeal, and the reasons and authorities supporting the appellant's contentions.
 
 
 6
 In these consolidated cases no appellant filed a brief, and all failed to follow the instructions on the docketing statement. No appellant detailed the claimed error(s) or the reason(s) for his appeal. The docketing statements before us do nothing more than note that the indicated appellant was sentenced and now appeals his sentence. These incomplete forms do not present a sufficient basis for appellate review. They cannot be deemed to be either the equivalent of or substitute for the briefs required by Fed.R.App.P. 28.
 
 
 7
 No brief having been filed, and the simplified and abbreviated procedure for the briefing of appeals questioning only the sentence not having been observed, these appeals may proceed no further.
 
 
 8
 The appeal in each of these consolidated cases is DISMISSED.
 
 APPENDIX A
 
 9
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLEOPINION ON REHEARING
 
 PER CURIAM:
 
 10
 The application for rehearing correctly notes that the only issue raised on appeal by Alfonso Martinez-Flores was the constitutionality of the Sentencing Reform Act of 1984, 18 U.S.C. Sec. 3551 et seq., and 28 U.S.C. Secs. 991-998. That challenge, as well as challenges to the constitutionality of the United States Sentencing Commission and to the Sentencing Guidelines, was foreclosed by the holding in United States v. Mistrella, --- U.S. ---, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Accordingly, his conviction and sentence are AFFIRMED. To the extent that our opinion of February 24, 1989, as same relates to Martinez, is inconsistent herewith, same is WITHDRAWN.
 
 
 
 [1]
 Footnote 2 of the Docketing Statement advises: "If the appeal is from the sentence only, the Court will deem the completed statement to be the brief on appeal, unless appellant advises to the contrary at the time of filing this statement."