**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darrell EARLY, Defendant–Appellant.**

**No. 94–40168**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 1994.

---

**6.** This particular instruction, unlike many of our other pattern jury instructions, cites no authority.

A. Michael Boggs, Bossier City, LA (Court-appointed), for appellant.

Duro J. Duplechin, Jr., Asst. U.S. Atty., Lafayette, LA, Josette Cassiere, Asst. U.S. Atty., Michael D. Skinner, U.S. Atty., Shreveport, LA, for appellee.

Before SMITH, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

## BACKGROUND

Darrell Early pleaded guilty pursuant to a written plea agreement to the possession of a firearm by a convicted felon. Applying the enhancement provision of 18 U.S.C. § 924(e), the district court sentenced Early to a 15–year term of incarceration, a 2–year term of supervised release, and a $50 special assessment.

Final judgment was entered on November 3, 1993. Early did not file a notice of appeal from final judgment, nor did he move for an extension of time in which to file one. On November 4, 1993, Early moved for an extension of time to file a motion for reduction of sentence. The district court granted leave, and Early then filed the motion for a reduction of his sentence on November 30, 1993. The motion does not state the statute or rule under which it is filed. The motion was denied on February 4, 1994. On February 11, 1994, Early appealed from the order denying his motion for a reduction of sentence. The notice specifically stated that the appeal was "taken pursuant to 18 U.S.C. section 3742(a) in order to review the sentence imposed in this action."

## OPINION

Early argues that he is directly appealing his sentence, asserting 18 U.S.C. § 3742(a) as the basis. The Government agrees.

However, Early's motion for a reduction of sentence was unauthorized and without a jurisdictional basis. Early's motion cannot be considered a Rule 35 motion to correct or reduce his sentence, as his motion and situation do not fit any provision of that Rule. *See* Fed.R.Crim.P. 35. Rule 35(a), as applicable to offenses such as this one committed after November 1, 1987, does not provide a district court with authority to modify or reduce a sentence. *See United States v. Sauers,* 907 F.2d 1141 (Table) (4th Cir.1990), 1990 WL 86044 at *1. Rule 35(b) was amended in 1987, along with the enactment of the Guidelines, to provide that only the Government can file a motion for reduction of a defendant's sentence. *See* Rule 35(b), historical note, 1991 amendment. By the plain language of the amended Rule 35(b), resentencing is permitted only on the Government's motion, and only if the defendant rendered substantial assistance after sentencing. *See U.S. v. Mitchell,* 964 F.2d 454, 461–62 (5th Cir.1992). Rule 35(c) is inapplicable in that it pertains to the correction of a sentence by the sentencing court within 7 days of the imposition of the sentence for "arithmetical, technical or other clear error."

Likewise, 18 U.S.C. § 3742 does not provide a jurisdictional basis for the motion to reduce. The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction. See *Williams v. U.S.*, —— U.S. ——, —— – ——, 112 S.Ct. 1112, 1118–21, 117 L.Ed.2d 341 (1992); *United States v. Esquivel-Cortes*, 867 F.2d 830, 831 (5th Cir.), *cert. denied*, 493 U.S. 839, 110 S.Ct. 121, 107 L.Ed.2d 82 (1989). Early has not filed a notice of appeal from his judgment of conviction.

The notice of appeal was not filed within the period prescribed by Fed.R.App.P. 4(b), and § 3742 does not permit an appeal beyond Rule 4(b)'s period. Further, his motion for a reduction of sentence is not one of the enumerated motions that could enlarge the filing period. *See* Fed.R.App.P. 4(b).

Finally, Early's motion cannot be considered one pursuant to 18 U.S.C. § 3582(c)(2), as that particular subsection of the statute discusses the possible modification of a term of imprisonment when the term of imprisonment has been based on a sentencing guidelines range that has subsequently been lowered by the Sentencing Commission.

Early has filed an unauthorized motion which the district court was without jurisdiction to entertain. Thus, he has appealed from the denial of a meaningless, unauthorized motion. Although the district court denied the motion on the merits, it should have denied the motion for lack of jurisdiction. *See Sauers*, 907 F.2d 1141, 1990 WL 86044 at *1. However, this Court can and does affirm on the alternative basis. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. Unit A 1981).

AFFIRMED.