IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20427
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFREDO JIMENO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-88-CR-269-1
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In 1989, Alfredo Jimeno pleaded guilty to one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, and was sentenced in accordance with a plea agreement to 262 months imprisonment, a five-year term of supervised release, and a $50 special assessment. In February 1999, Jimeno filed a motion for reduction of sentence. As authority for his motion, Jimeno cited Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e), which authorize a district court, upon motion of the Government, to reduce a defendant's sentence to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reflect the defendant's substantial assistance in investigating or prosecuting another person.  The district court dismissed the motion and denied Jimeno's subsequent motion for reconsideration.

Because the district court was without jurisdiction to consider Jimeno's motion, we affirm.  Section 3553(e) is the statutory authority for imposing an original sentence below the statutory minimum for substantial assistance "[u]pon motion of the Government."  18 U.S.C. § 3553(e) (emphasis added).  Rule 35(b) operates after imposition of the original sentence, but that rule was amended in 1987 to provide that only the Government can file a motion for reduction of a defendant's sentence.  See Rule 35(b), historical note, 1991 amendment.  By the plain language of the amended Rule 35(b), resentencing is permitted only on the Government's motion.  United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994) (citations omitted).  Thus, the district court did not have jurisdiction to entertain Jimeno's motion to reduce his sentence.

AFFIRMED.