IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50422
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY M. GONZALES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-91-CR-4-ALL
- - - - - - - - - -
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Johnny M. Gonzales, federal prisoner # 53504-080, appeals from the district court's denial for lack of jurisdiction of his motion for resentencing pursuant to 18 U.S.C. §§ 3582 and 3742. He argues that amendments 439 and 503 to the sentencing guidelines, enacted after he was sentenced, are applicable to his case and would result in a reduced sentence.

Section 3582(c)(2) applies only to guideline amendments that operate retroactively, as listed in U.S.S.G. § 1B1.10(c), p.s. United States v. Miller, 903 F.2d 341, 349 (5th Cir. 1990).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendments 439 and 503 are not listed in § 1B1.10(c). Section 3582(c)(2) is therefore inapplicable in Gonzales's case. <u>See</u> <u>Miller</u>, 903 F.2d at 349.

Likewise, § 3742 does not provide a jurisdictional basis for Gonzales's motion to reduce his sentence. The provisions for a modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction. <u>United States v. Early</u>, 27 F.3d 140, 142 (5th Cir. 1994). This court heard Gonzales's direct appeal in 1993.

Because this case does not present a situation to which either § 3582(c) or § 3742 is applicable, Gonzales's motion was an unauthorized one which the district court was without jurisdiction to entertain. <u>See</u> <u>Early</u>, 27 F.3d at 142. The district court's denial of Gonzales's motion for lack of jurisdiction is AFFIRMED.

The issues Gonzalez seeks to raise for the first time in this appeal -- that the district court failed to assign specific reasons for the sentence imposed, that the court erred in the amount of marijuana it attributed to Gonzales for sentencing purposes, that the "relevant conduct that was used to sentence Appellant Gonzales was no more than hearsay information from a Government informant, who was paid ten thousand dollars for his false testimony," and that he should not have been sentenced as an organizer or leader -- need not be addressed. Gonzales did not make any of these allegations in his motion for resentencing in the district court. As such, they may not be raised on appeal for the first time. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183

F.3d 339, 342 (5th Cir. 1999) ("'The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'")(citation omitted), cert. denied, 120 S. Ct. 982 (2000).

Gonzales's motion to file a reply brief in excess of the page limitation under the local rules is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.