IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60172
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER WILLIAMS SIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. CRD-91-21-S-O

_____
October 19, 2000

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Roger William Sims appeals the district court's ruling on his "Motion for Clarification of Amended Judgment," by which he urged the court to clarify its 1997 resentencing order as it related to the imposition of a $12,000 fine and interest thereon. At the original sentencing in 1992, the court imposed a $15,000 fine but indicated that interest was waived. The district court subsequently made clear, in its ruling on a 28 U.S.C. § 2255 motion in 1997, that Sims was required to pay the fine and the interest.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sims' "Motion for Clarification" is a collateral challenge to the imposition of interest in 1997; the district court's ruling thereon is a denial of that challenge on the merits. Such a collateral attack finds no authorization in law; the relief Sims seeks is not available under any federal statute or rule providing for postconviction relief.[1] Relief was not available to Sims under FED. R. CRIM. P. 35, 18 U.S.C. § 3742, 18 U.S.C. § 3582(c)(2), or 28 U.S.C. § 2255.[2] The district court's clarification order confirmed that no "clerical mistake" was made.[3] Although the district court effectively denied Sims relief on the merits, we now AFFIRM on the alternative ground that the district court lacked jurisdiction to consider the motion.[4]   AFFIRMED.

---

[1]United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994).

[2]Id.; § 2255.

[3]FED. R. CRIM. P. 36.

[4]Early, 27 F.3d at 142.