IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60266
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CLARK MARION,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:94-CR-36-4-D
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Clark Marion, federal prisoner # 09895-042, appeals the district court's dismissal for lack of jurisdiction of his motion to reduce his sentence. He argues that he is entitled to a reduction of his sentence pursuant to 18 U.S.C. §§ 3553 & 3582. Absent a motion by the Government or the Bureau of Prisons, the district court was without jurisdiction to reduce Marion's sentence pursuant to 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 35. Section 3742 of Title 18 does not provide a jurisdictional basis for modifying Marion's sentence because it is applicable only on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

direct appeal.  See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994).  The "safety valve" provision is applicable only to defendants who are convicted of drug offenses and found to be less culpable than others involved in the offense.  See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; United States v. Miller, 179 F.3d 961, 964-65 (5th Cir. 1999).  Marion has not shown that the district court erred in dismissing his motion for lack of jurisdiction.  See Early, 27 F.3d at 141-42.  Because no constitutional right to counsel exists in postconviction actions, Marion's motion for appointment of counsel is denied.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

For the first time in his reply brief, Marion argues that his sentence should be vacated in view of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Issues raised for the first time in a reply brief are not properly before the court and need not be addressed.  United States v. Bullock, 71 F.3d 171, 178-79 (5th Cir. 1995).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.