IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60482
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALCOLM JAMES HARGROVE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CR-72-1-P
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Malcolm James Hargrove, federal prisoner # 11229-042
("Hargrove"), appeals the district court's denial of his motion
for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).
Hargrove's motion stems from his guilty-plea conviction for
conspiracy to possess with intent to distribute crack cocaine,
for which he received the statutory mandatory-minimum 60-month
sentence pursuant to 21 U.S.C. § 841(b)(1)(B).  Hargrove had

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unsuccessfully requested a safety-valve reduction in his sentence pursuant to the United States Sentencing Guidelines § 5C1.2. He did not appeal his sentence. The present motion asserts that he was entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) because he qualified for the safety valve.

Hargrove's sentence-reduction motion was not authorized by 18 U.S.C. § 3582(c)(2), which permits a defendant to seek a sentence reduction when the term of imprisonment is based on a sentencing range that subsequently has been lowered. See 18 U.S.C. § 3582(c)(2); United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994). Hargrove's sentence was based on the statutory mandatory-minimum sentence, not a sentencing range, and the safety-valve provision was in place at the time of sentencing and therefore does not constitute a new sentencing guideline for purposes of 18 U.S.C. § 3582(c)(2). Although the district court did not specify the reason for the denial of the motion, it should have been denied for lack of jurisdiction, Early, 27 F.3d at 142, and we affirm on that basis.

AFFIRMED.