IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30610
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BENNY RAY COLLINS, also known as Chop Collins,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-30010-17
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benny Ray Collins, federal prisoner # 09912-035, appeals the district court's denial of his motion to take judicial notice of facts under 18 U.S.C. § 3742(f)(1). Collins's motion stems from his guilty-plea conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride for which he received a 151-month sentence. He did not appeal his sentence. The present motion asserts that his case should be remanded for resentencing and his sentence should be reduced

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because two of his prior convictions should have been excluded from the guideline sentencing computations.

Collins's motion was not authorized by 18 U.S.C. § 3742(f)(1), which permits an appellate court to remand a case on direct appeal for further sentencing proceedings when it is determined that a sentence "was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(f)(1). Collins's motion should have been denied for lack of jurisdiction, United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994), and we affirm on that basis.

AFFIRMED.