United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50709
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBORAH LYLE DYSART,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-298-03-JN
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Deborah Lyle Dysart ("Dysart"), federal prisoner number 15051-180, appeals the district court's order denying her motion for downward departure and to serve the remainder of her sentence in a Community Corrections Center.

The district court may modify the imposed term of imprisonment under limited circumstances. 18 U.S.C. § 3582(c). Because Dysart's motion for a downward departure did not fall under any of the provisions of 18 U.S.C. § 3582(c), it was unauthorized and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without a jurisdictional basis.  See <u>United States v. Early</u>, 27 F.3d 140, 141-42 (5th Cir. 1994).  After a district court has sentenced a federal offender, the Bureau of Prisons has the responsibility for designating the place of imprisonment.  Thus, Dysart's motion to serve the remainder of her sentence in a Community Corrections Center likewise lacked a jurisdictional basis.  See <u>United States v. Voda</u>, 994 F.2d 149, 151-52 (5th Cir. 1993); 18 U.S.C. § 3621(b).  Although the district court considered the motion on its merits, it should have denied the motion for lack of jurisdiction.  See <u>Early</u>, 27 F.3d at 142.  On that alternative basis, the district court's order is

AFFIRMED.  All outstanding motions are DENIED.