**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 25, 1999**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-21025
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IRENE WILSON GLAZE,
also known as Irene Flakes,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-92-CR-59-ALL
- - - - - - - - - -

Before    KING, Chief Judge, POLITZ, and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

     Irene Wilson Glaze, now federal prisoner No. 59783-079,
appeals from the district court's denial of her motion filed
pursuant to 18 U.S.C. § 3582 and she moves this court for
appointment of counsel on appeal.  The motion for counsel is
DENIED.  Glaze argues that the district court lacked the
authority to sentence her pursuant to 21 U.S.C. § 860 because she

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was not convicted of violating that statute and she suggests, for the first time on appeal, that her conviction and sentence violate principles of due process because the Government did not comply with the district court's pretrial instruction to file periodic medical reports on Glaze's mental condition.

Section 3582 does not authorize the district court to grant the relief that Glaze seeks. 18 U.S.C. § 3582; see United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994). Glaze's arguments sound under 28 U.S.C. § 2255; however, as Glaze has filed a prior motion for § 2255 relief and has not obtained this court's authorization to file a second or successive § 2255 motion, the district court did not err by failing to construe her claims under § 2255. Glaze's motion should have been dismissed for lack of jurisdiction. On that basis, the district court's denial of the motion is AFFIRMED. We note that the arguments that Glaze advances on appeal do not meet the standard required for this court to authorize the filing of a second or successive § 2255 motion. See § 2255.

AFFIRMED; MOTION FOR COUNSEL DENIED.