United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41172
Summary Calendar

BILLY R. HAWKINS,

Plaintiff-Appellant,

versus

M. PARISH, Correctional Officer III; P. JEFFRIES, Correctional
Officer III; C. IVIN, Correctional Officer III; KENNETH SULEWSKI,
Captain; D. SWEETIN, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-276
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Billy R. Hawkins, Texas prisoner number 669983, appeals the
trial court's judgment for the defendants in this 42 U.S.C.
§ 1983 suit.  Hawkins also moves this court for the appointment
of counsel and a trial transcript at Government expense.

Hawkins argues that the trial court erred in denying his
postjudgment motion for a return of property.  Hawkins has not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

shown that the trial court so erred.  Hawkins cited no jurisdictional basis for the motion, and research reveals none. The motion was unauthorized, and Hawkins has not shown that he is entitled to relief in connection with the claim raised therein. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

Hawkins's argument that the trial court acted unfairly by rescheduling his trial fails because Hawkins identifies no prejudice that he suffered in connection with this action.

Hawkins's arguments that the trial court erred in denying his motions to amend his complaint and compel discovery and in granting the defendants' motion for summary judgment are likewise unavailing.  The record reflects that Hawkins's motion to amend his complaint was granted. He filed no motion to compel discovery and there was no motion for summary judgment.

Hawkins's claim that he was denied a trial before a federal judge lacks merit.  The record shows that he consented to trial before a magistrate judge, who is a federal judge.  See 28 U.S.C. § 631 et seq.

Finally, Hawkins argues that he was denied due process in connection with the trial judge's denial of his request to see certain tapes, when the defendants testified falsely, and when the trial judge took certain actions in relation to certain witnesses.  Hawkins fails to explain how these actions harmed him, and his conclusional assertions in relation to these claims are insufficient to show that he is entitled to relief.

Hawkins has failed to show that the trial court committed reversible error in connection with the disposition of his claims.  Accordingly, the judgment of the trial court is AFFIRMED, and Hawkins's motions for the appointment of counsel and a transcript at Government expense are DENIED.