United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**January 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10690
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-289-H
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Randy Harris, federal prisoner # 23373-077, appeals the district court's denial of his motion for downward departure relating to the sentence imposed following his 1992 jury conviction for conspiracy to commit extortion, extortion, conspiracy to distribute cocaine base, and distribution of cocaine base.

To the extent Harris relies on U.S.S.G. § 5K1.1, his argument is misplaced. U.S.S.G. § 5K1.1 operates upon Government motion at the time of original sentencing. United States v. Mitchell, 964

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 454, 461 (5th Cir. 1992).  The Government has filed no such motion, and Harris is not authorized under the Guidelines to bring such a motion.  See U.S.S.G. § 5K1.1.

Harris argues that he has provided substantial assistance to the Government and that the Government's refusal to file a downward departure motion pursuant to FED. R. CRIM. PRO. 35(b) is unconstitutionally motivated.  Harris' arguments are vague and are not the "substantial threshold showing" of unconstitutional motivation that is required before the district court can consider a defendant's FED. R. CRIM. PRO. 35(b) motion.  See United States v. Sneed, 63 F.3d 381, 389 n.6 (5th Cir. 1995).  Because Harris failed to make a substantial showing of unconstitutional motivation, the district court was without authority to consider Harris' Rule 35(b) motion.  See id.

Additionally, Harris has failed to brief whether the district court erred when it failed to hold the evidentiary hearing that he requested and when it did not grant relief  pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K2.0, both of which were cited in his district court pleadings.  This court "will not raise and discuss legal issues that [Harris] has failed to assert."  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Harris has abandoned these issues on appeal because he has not addressed these issues.  E.g., Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Harris has thus filed an appeal from a denial of an unauthorized motion that the district court was without jurisdiction to entertain.  See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).  Although the district court denied the motion on the merits, we may affirm on the alternative basis that the district court lacked jurisdiction to entertain Harris' motion.  Id.

The judgment of the district court is AFFIRMED.