# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-30455
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTHUR WILLIAMS, also known as Pop

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:93-CR-10012-6

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Arthur Williams, federal prisoner # 08395-035, was convicted by a jury in 1993 of one count of conspiracy to distribute cocaine hydrochloride and cocaine base (crack) and two counts of aiding and abetting the possession with intent to distribute cocaine hydrochloride and crack. He was sentenced in 1994 to 250 months of imprisonment.

After filing several meritless postconviction motions in the court of conviction and the district court for the district in which he was incarcerated,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams filed in the court of conviction a purported Rule 35 motion seeking a reduction in his sentence. The version of Rule 35 that was in effect when Williams was convicted and sentenced provided that a district court could (a) correct a sentence on remand, (b) reduce a sentence on the motion of the Government, or (c) "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error" if it acted within seven days after imposing the sentence. FED. R. CRIM. P. 35(a)-(c) (West 1994). Williams's motion met none of these conditions.

A defendant's motion cannot be considered a Rule 35 motion to correct or reduce his sentence when his motion and situation do not fit any provision of that Rule. United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994). As Williams has already been denied relief under 28 U.S.C. § 2255, the district court would have lacked jurisdiction to reduce Williams sentence under either Rule 35 or § 2255. See § 2255; United States v. Lopez, 26 F.3d 512, 518-19 (5th Cir. 1994).

The district court denied and dismissed Williams's motion with prejudice without mentioning jurisdiction; however, its dismissal was presumably on that ground. See e.g., Saudi Arabia v. Nelson, 507 U.S. 349, 355-63 (1993) (where the basis for jurisdiction is statutory, failure to meet the statutory criteria means that the court lacks jurisdiction). We affirm the district court's judgment.

This court has already warned Williams that he may no longer file successive § 2255 motions that do not comport with 28 U.S.C. § 2244(b). Williams is now cautioned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will invite additional sanctions, including monetary penalties and limits on his access to federal court, as will the failure to withdraw any pending matters that are frivolous.

AFFIRMED: SANCTION WARNING ISSUED.