# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2010

Lyle W. Cayce
Clerk

No. 09-60574
Summary Calendar

JAMES C. WINDING,

Petitioner-Appellant

v.

Superintendent RONALD KING,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:05-CV-178

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

James C. Winding, Mississippi prisoner # K8115, appeals the district court's denial of his "motion for certification of granting motion to supplement to motion to arrest final judgment due to actual innocence."

The district court initially denied Winding's habeas petition on July 3, 2007, and Winding has unsuccessfully filed numerous postjudgment motions seeking reconsideration of the denial of the petition. In denying Winding's motion to arrest final judgment and his motion to supplement that motion, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court noted that the motions had sought to reopen the case and that it had reviewed those motions and had determined that Winding had exhausted his remedies in the district court. Despite that final ruling, Winding filed the instant certification motion, seeking a further clarification of the district court's prior rulings.

Winding has not provided any authority for seeking another ruling on the disposition of his motion. Winding's motion for certification was unauthorized and without jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). The district court should have dismissed the motion for lack of jurisdiction. *See id.* at 142. Thus, we affirm the denial of the motion on the alternative basis of lack of jurisdiction. *See id.*

Because Winding is appealing from "the denial of a meaningless, unauthorized motion," his motions for appointment of counsel and to compel production of documents are denied.

Winding is warned that if he continues to file repetitious and frivolous challenges to his conviction, he could be subject to sanctions. Shortly after he filed the instant appeal, Winding was warned not to file any further frivolous pleadings challenging his conviction. *See Winding v. King,* No. 08-61101 (5th Cir. July 23, 2009) (unpublished; one-judge order). Winding is further warned that if he files additional frivolous challenges, the court will take into consideration that he has received two sanction warnings in imposing any sanction.

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.