# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2010

Lyle W. Cayce
Clerk

No. 09-30844
c/w No. 09-30980
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KENNER FITZGERALD JACKSON,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-16-1
USDC No. 5:09-CR-17-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenner Fitzgerald Jackson appeals from the district court's decision to revoke his supervised release and sentence him to a 24-month prison term, which was the statutory maximum and the effective guidelines sentence. At the revocation hearing, Jackson, proceeding pro se, stipulated that he violated the terms of his supervised release without admitting the truth of the underlying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegations—that he illegally possessed and distributed Xanax.  He now argues that his decision to represent himself pro se at the revocation hearing was not knowing and voluntary because, he contends, he did not know what he was doing at the hearing and because the district court failed to verify that he was not under the influence of drugs.  Furthermore, he asserts that the sentence he received after revocation is too harsh, arguing that the court should have permitted him to serve out his sentence in a halfway house or through a work-release program.

A defendant does not have a constitutional right to represent himself at a revocation hearing; allowing a defendant to proceed pro se is in the discretion of the district court. *United States v. Hodges*, 460 F.3d 646, 650 (5th Cir. 2006); *see* FED. R. CRIM. P. 32.1(b).  Accordingly, a waiver of the right to counsel in the revocation context need not meet the formal requirements of the Sixth Amendment.  *Hodges*, 460 F.3d at 648.  Nonetheless, the waiver must be knowing and voluntary, as gleaned through a colloquy with the district court, the totality of the circumstances, or both.  *Id*. at 648.

During its colloquy with Jackson, the district court clearly articulated the benefits of counsel and warned Jackson of the pitfalls of proceeding pro se, thus ensuring that Jackson's waiver was knowing and voluntary.  The court told Jackson that a specially trained and experienced attorney would better represent Jackson and explained that Jackson was not as familiar with revocation proceedings as he needed to be to represent himself effectively. Jackson agreed with the court's assessment.  The court advised that it would be unwise for Jackson to represent himself.  Jackson confirmed that he indeed wished to proceed pro se and asserted that the decision was entirely voluntary.

Even if the colloquy alone was insufficient, the totality of the circumstances reveals that Jackson was well aware of the consequences of his choice and that he was not coerced into making his decision.  *See id*. at 652.

Along with the court's admonition that self-representation was not in Jackson's best interest and Jackson's confirmation that his decision was voluntary, Jackson was able to explain to the court both the charges that were the bases of the revocation request and the sentence he faced. Furthermore, the court advised Jackson of procedures relevant to the hearing. *Cf. id.* at 652-53.

Jackson argues that it should have been evident to the court that he did not "know what he was doing" at the hearing; however, nothing requires that a defendant have a full command of procedure or be in the best possible position to understand the implications of his arguments before he can knowingly waive his right to counsel. In any event, Jackson had a sufficient grasp of the proceedings. When the court discovered that he lacked knowledge of relevant revocation procedures, it clearly explained them and confirmed that Jackson understood them before the court allowed him to represent himself. Jackson also contends that he did not understand the ramifications of his stipulation to the revocation charge, but the record shows that Jackson carefully considered whether and how to stipulate, conferring with standby counsel and seeking clarification from the district court about the effect that a stipulation would have on his state-court proceeding.

Though the district court did not ask Jackson whether he was under the influence of drugs before allowing him to proceed pro se, there is no evidence that Jackson was impaired in any way. He engaged in a thoughtful colloquy with the judge, was able to articulate the charges and penalties he was facing, was responsive to questions, conferred with standby counsel, asked relevant questions where necessary, and successfully stipulated to the revocation without admitting guilt for the underlying offense. Tellingly, Jackson does not assert in this court that he, in fact, was under the influence of drugs during the hearing.

As for Jackson's sentence, he did not object at the hearing, and so our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th

3

Cir. 2009).  The court expressed concern that the time Jackson already spent in a halfway house did not keep him from continuing to engage in drug-related criminal conduct.  It was not plainly erroneous for the court to determine that, in Jackson's case, a 24-month prison sentence was the most appropriate punishment.

Jackson also challenges the district court's denial of his motion requesting modification of his sentence and the denial of his motion for reconsideration.  However, the district court did not have authority to modify Jackson's sentence; thus, it was without jurisdiction to entertain the request and did not err in denying the motion for reconsideration. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

Accordingly, the judgment of the district court is AFFIRMED.