**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

Lyle W. Cayce
Clerk

No. 10-30191
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY R. DICKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CR-50039-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy R. Dickson, federal prisoner # 10265-079, appeals the denial of his attempt to have his sentence reduced on the ground that the Government violated his plea agreement by allowing his sentence to be enhanced pursuant to the career offender provision of the Sentencing Guidelines after promising to dismiss count two of the indictment.

Following his conviction in 2003, Dickson did not file a direct appeal or a motion under 28 U.S.C. § 2255. He filed his first motion to reduce his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30191

in 2009 and followed it with several other motions citing different provisions of federal law in an attempt to reduce his sentence.

Federal pleadings are construed "liberally according to . . . substance rather than . . . form or label." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 633 n.39 (5th Cir. 2002); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (construing pro se pleadings liberally). However, if a motion cannot be construed in such a way that relief is possible, it is a "meaningless, unauthorized motion" properly denied by the district court. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

The district court correctly determined that Dickson was not entitled to relief under any of the exceptions to the rule of finality in 18 U.S.C. § 3582. He did not file a direct appeal under 18 U.S.C. § 3742. *See* § 3582(b). The Bureau of Prisons did not move to reduce his sentence. *See* § 3582(c)(1)(A). Dickson did not file the motion to modify his sentence within 14 days of being sentenced. *See* § 3582(c)(1)(B); FED. R. CRIM. P. 35(a). The Government did not move for a sentence reduction for substantial assistance. *See* § 3582(c)(1)(B); FED. R. CRIM. P. 35(b). Finally, the relevant guideline was not lowered after Dickson was sentenced. *See* § 3582(c)(2). With respect to Dickson's recent argument that he was entitled to relief under Federal Rule of Civil Procedure 60(b)(6), the scope of the rules of civil procedure is limited to civil actions. FED. R. CIV. P. 1.

AFFIRMED.