# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

MARCUS DWAYNE MAYBERRY,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2592

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marcus Dwayne Mayberry, Texas prisoner # 605575,
filed a motion in his original 1997 habeas proceeding for free copies of
documents filed in his case. The magistrate judge (MJ) denied the motion
because Mayberry's habeas case was closed and he had not established any
basis for further filings in the case. The district court denied Mayberry's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-11226

objection to the MJ's order and his motion for reconsideration, and Mayberry now appeals the district court's denial of those motions.

We do not consider Mayberry's argument, raised for the first time on appeal, that his constitutional rights have been violated based on his inability to obtain free copies of court records. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Neither will we consider the arguments raised for the first time in Mayberry's reply brief, which include his complaints concerning the dismissal of his appeal in *Mayberry v. Thaler*, No. 13-10077. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

Contrary to Mayberry's contention, neither 28 U.S.C. § 2250 nor 28 U.S.C. § 1915(c) provides him with a basis for requesting free copies of documents filed in his closed habeas case. Mayberry's motion for documents was a "meaningless, unauthorized motion" over which the district court had no jurisdiction. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). We therefore AFFIRM district court's orders denying Mayberry's objection to the MJ's order and denying his motion for reconsideration. We also WARN Mayberry that if he continues to file repetitious and frivolous filings requesting free copies of court records, he could face sanctions, including dismissal, monetary sanctions, or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.