# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40911
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TODD F. BRITTON-HARR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1164

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Todd F. Britton-Harr appeals his guilty-plea conviction and sentence for possession with the intent to distribute more than 100 kilograms of marijuana. Britton-Harr argues that his guilty plea was unknowing and involuntary because the Government destroyed exculpatory evidence.

Prior to the guilty plea, the district court held a hearing on Britton-Harr's claims and ruled that the Government did not intentionally destroy any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence.   Britton-Harr does not raise any arguments that undermine that factual determination.   Moreover, under circuit precedent, Britton-Harr's guilty plea precludes him from raising a *Brady* claim. *See United States v. Conroy,* 567 F.3d 174, 178-79 (5th Cir. 2009); *see also Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000); *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000).   Britton-Harr therefore identifies no basis for vacating his guilty plea.

Britton-Harr also requests a remand for the trial court to hear his motion based on newly discovered evidence as well as his other pending postconviction motions.   Contrary to Britton-Harr's assertion, his pleading was not a motion for new trial based on newly discovered evidence but rather an "unauthorized motion which the district court was without jurisdiction to entertain." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).   Additionally, Britton-Harr's notice of appeal divested the district court of jurisdiction over his postconviction motions. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989).   Accordingly, he is not entitled to a remand to allow the district court to hear the motions.

The judgment of the district court is AFFIRMED.