# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANJUANITA GARCIA CEPEDA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2481-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sanjuanita Garcia Cepeda, federal prisoner # 79714-279, pleaded guilty to one count of importing five kilograms or more of cocaine, and she received a sentence of 87 months in prison. Seven months after the entry of the criminal judgment, she filed a motion, purportedly pursuant to 28 U.S.C. § 2243, in which she asserted that she should have received a minor role adjustment under U.S.S.G. § 3B1.2. The district court denied relief, concluding that § 2243

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40882

provided only the procedure for federal review of habeas cases and ruling that Garcia Cepeda's motion arose under 28 U.S.C. § 2255 but her Sentencing Guidelines challenge was not cognizable. The district court also denied her a certificate of appealability (COA) and denied in forma pauperis (IFP) status because the appeal was not taken in good faith. Garcia Cepeda now moves this court for leave to proceed IFP on appeal. She asserts that the district court erred in summarily denying her writ; she contends that § 2243 and Rule 4 of the Rules Governing 28 U.S.C. § 2254 Proceedings requires a reviewing court to either grant relief, order the respondent to show cause why relief should not be granted, or schedule an evidentiary hearing. In addition, Garcia Cepeda maintains that she was entitled to sentencing relief because she qualified for the minor role adjustment.

The Government has filed a motion to dismiss, asserting that because a COA is required to appeal from the denial of a § 2255 motion, and because Garcia Cepeda has not moved for a COA, this court lacks jurisdiction over the proceedings. Alternatively, the Government moves for summary affirmance, contending that Garcia Cepeda's sentencing issue is not cognizable under § 2255 and that she waived her right to challenge her conviction and sentence in postconviction proceedings. The Government requests an extension of time to file a responsive brief if such is necessary.

To the extent that Garcia Cepeda is appealing the denial of her § 2243 writ, a COA is not necessary to do so. However, in order to proceed IFP, she must show that she is a pauper and that her appeal is taken in good faith, involving nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Garcia Cepeda has failed to show that § 2243 provides an independent basis for challenging her federal sentence. Additionally, her assertion that a summary dismissal is inappropriate under that statute is incorrect. *See*

§ 2243; *Harris v. Nelson*, 394 U.S. 286, 298-99 (1969).  Because Garcia Cepeda's postjudgment motion was unauthorized, the district court lacked jurisdiction to consider it.  *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

Garcia Cepeda's appeal is without arguable merit and is thus frivolous. *See* 5TH CIR. R. 42.2.  Accordingly, her request for IFP status is DENIED, and her APPEAL IS DISMISSED.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

As noted above, the district court construed Garcia Cepeda's motion as arising under § 2255.  Garcia Cepeda has not refuted this construction.  To the extent that Garcia Cepeda is seeking review of the denial of a § 2255 motion, she is required to obtain a COA.  *See* 28 U.S.C. § 2253(c)(2).  Although Garcia Cepeda has not moved for a COA, her IFP brief contains sufficient argument for this court to consider whether a COA is warranted, to the extent that it is necessary.  Therefore, the Government's motion to dismiss is DENIED.

To obtain a COA, Garcia Cepeda must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  In order to satisfy this standard, she must demonstrate "that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack*, 529 U.S. at 484 (stating that an individual seeking a COA "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").  Garcia Cepeda has not made the requisite showing.  *See Miller-El*, 537 U.S. at 327.  Consequently, a COA is DENIED.  Because we are not affirming the opinion of the district court, the Government's motion for

summary affirmance is likewise DENIED. The Government's alternative request for an extension of time to file a brief is DENIED as unnecessary.