# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN D. MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-125-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kevin D. Moore, federal prisoner # 36285-177, was convicted by a jury of transporting and shipping child pornography, 18 U.S.C. § 2252(a)(1) and (b)(1), and possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). *United States v. Moore*, 370 F. App'x 559, 560–62 (5th Cir. 2010). In 2011, the district court denied Moore's 28 U.S.C. § 2255 motion, and this court denied Moore a certificate of appealability. In 2014, Moore filed a motion under Federal Rule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10882

of Civil Procedure 60(d)(3) challenging his convictions. The magistrate judge construed the motion as a § 2255 motion and recommended that the motion be transferred to this court for authorization to file a successive §2255 motion. Moore filed a Rule 59(3) motion and objections to the magistrate judge's order. The district court overruled the objections, denied both motions, and transferred the matter to this court for authorization to file a successive §2255 motion. This court closed the motion for authorization on motion from Moore.

In 2015, Moore filed two more motions under Rule 60(d)(3) challenging his convictions. In each motion, Moore specifically stated that it should not be construed as a § 2255 motion. The district court denied the motions as frivolous and because they sought relief under the rules of civil procedure, which do not provide relief in criminal proceedings. Moore filed a Rule 59(e) motion challenging this order, which the district court also denied.

On appeal Moore argues that the district court erred in denying his motions under the federal rules of civil procedure. Moore does not address the independent reason that the district court denied his motions—that motions under the rules of civil procedure do not apply in criminal cases. *See United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999); *see also United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (affirming denial of meaningless, unauthorized motion). Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir. 1993). Moore's failure to identify any error in the district court's analysis, constitutes a failure to brief, and thus the claim is considered abandoned. *See Brinkman v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 15-10882

Because Moore's appeal does not raise an issue of arguable merit, it is frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983). Accordingly, it is DISMISSED. *See* 5TH CIR. R. 42.2.