# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS PAUL GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-76-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Carlos Paul Gonzalez, federal prisoner # 82609-179, pleaded guilty to one count of conspiring to commit mail and wire fraud and was sentenced to 135 months of imprisonment. He did not file a direct appeal. The district court dismissed his motion under 28 U.S.C. § 2255 as barred by the waiver contained in Gonzalez's plea agreement. Subsequently, Gonzalez filed a motion requesting that the district court judge recuse himself and a motion for a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20168

default judgment.  The district court found that there were no proceedings pending before the court from which the district judge could recuse himself or from which the Government could be in default and denied the motions. Gonzalez appeals the denial of the motion to recuse.

Under 28 U.S.C. § 455(a), a justice, judge, or magistrate of the United States is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  Section 455(b) requires that he recuse himself in other specified circumstances, including proceedings where he is personally biased.  If "a judge's partiality might reasonably be questioned, recusal is required under § 455(a)," even if the circumstance is not covered by § 455(b). *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).  As there was nothing pending before the district court when Gonzalez filed his motion for recusal, there was no proceeding from which the district court judge could recuse himself under § 455.  Accordingly, Gonzalez's recusal motion was unauthorized and meaningless. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Gonzalez's motions to expedite his appeal, for extraordinary relief, and for oral argument are denied.

AFFIRMED; MOTIONS DENIED.