# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40020
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2019

Consolidated w/ 18-40165

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON CHRISTOPHER PIERRE,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CR-115-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Brandon Christopher Pierre, former federal prisoner number 23410-078, pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(8). Pierre filed a direct appeal, but this court dismissed the appeal for want of prosecution. Pierre filed a motion under 28 U.S.C. § 2255, which is still pending before the district court. Subsequently, Pierre filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40020
c/w No. 18-40165

motions pursuant to Federal Rule of Criminal Procedure 52(b) and Federal Rule of Civil Procedure 60(b) challenging his sentence and guilty plea conviction. The district court denied the motions, and Pierre now appeals. The Government has filed a motion for summary affirmance and summary dismissal or, alternatively, an extension of time to file a brief.

Rule 52(b) does not provide a procedural mechanism for collaterally challenging a prisoner's conviction or sentence; rather, "recourse may be had to [Rule 52(b)] only on appeal." *United States v. Frady*, 456 U.S. 152, 163 (1982). Likewise, Rule 60(b) is not applicable in criminal proceedings. *See* FED. R. CIV. P. 1. Pierre's motions were unauthorized motions that the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

We AFFIRM. Pierre's motion to expedite his appeals is DENIED, and the Government's motion for summary affirmance and summary dismissal or, alternatively, an extension of time to file a brief is also DENIED.