United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50896
Summary Calendar
_____

HENSEL JOSEPH, also known as Joseph Hensel,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; S. MERCADO, Medical Doctor; UNIVERSITY OF TEXAS
MEDICAL BRANCH,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-1263
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hensel Joseph, also known as Joseph Hensel, federal prisoner
# 69009-004, has filed a motion to proceed in forma pauperis
(IFP) on appeal challenging the district court's certification
that his appeal was not taken in good faith. See Baugh v.
Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997). The district
court dismissed his 42 U.S.C. § 1983 complaint without prejudice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as frivolous.  Joseph did not file a notice of appeal; almost two years later, he moved to proceed IFP and requested a copy of the record.  After the district court denied both this motion and a motion for reconsideration, Joseph filed a notice of appeal.

By moving for IFP status, Joseph has challenged the district court's certification decision.  Baugh, 117 F.3d at 202.  The IFP "motion must be directed solely to the trial court's reasons for the certification decision." Id.  This court's inquiry into good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738, 744 (1967)).

We first conclude that Joseph's notice of appeal is timely only as to the denial of his motion for reconsideration of the denial of his motion to proceed IFP.  Because this motion for reconsideration was filed more than 10 days after the entry of the order it challenged, it is properly construed as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).  This court reviews the denial of a Rule 60(b) motion for an abuse of discretion.  See Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).

As the district court noted, when Joseph filed his motion to proceed IFP, he had no pending appeal, and the time for filing a notice of appeal had passed.  Therefore, we conclude that the grant of IFP status would have been an empty gesture as it would

have allowed Joseph to proceed IFP on a non-existent appeal.  The district court correctly concluded that Joseph's appeal from the denial of reconsideration of this meaningless IFP motion would be frivolous.  See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994) (noting appeal was "from the denial of a meaningless, unauthorized motion").

The district court's certification that Joseph's appeal is not taken in good faith is upheld, his motion for IFP status on appeal is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24.  The dismissal of Joseph's complaint in the district court as frivolous and the dismissal of this appeal as frivolous both count as "strikes" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Joseph that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.