# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-10418
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JIMMIE LEE DIXON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-84-1

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jimmie Lee Dixon, federal prisoner # 29531-077, was convicted of robbery, attempted robbery, assault with a short-barreled shotgun, using and carrying a short-barreled shotgun in relation to a kidnapping, and kidnapping for the purpose of committing aggravated sexual abuse. He appeals the district court's denial of his post-judgment motion to question jury members. He argues that the district court erred by denying his motion because the jury was exposed to a prejudicial exhibit admitted into evidence at his trial. He additionally asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred by denying his previously filed 28 U.S.C. § 2255 motion without holding an evidentiary hearing. For the first time on appeal he argues that his convictions should be vacated because the trial judge was biased against him.

We do not consider Dixon's claim that the trial judge was biased against him because it is raised for the first time on appeal of the denial of a collateral attack upon his convictions. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). This appeal is "from the denial of a meaningless, unauthorized motion." United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, it is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).