United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-20231
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL VELEZ-CORTEZ; SANTO MIGUEL CELIS-CHAVEZ,
also known as Chirris,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-79-3
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Miguel Velez-Cortez appeals from his jury-verdict conviction for conspiring to commit hostage taking. He argues that the evidence produced at trial was insufficient to support the jury's verdict. Santos Miguel Celis-Chavez appeals from the sentence imposed following his jury-verdict conviction for harboring illegal aliens for commercial advantage and private financial gain and conspiring to commit hostage taking. He contends that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by failing to grant him a sentencing adjustment for having a mitigating role in the offense and that the trial court erred by admitting evidence of an extrinsic offense.

Velez-Cortez limits his sufficiency challenge to the Government's establishment of the elements of the conspiracy offense. When viewed in the light most favorable to the Government, the circumstantial evidence produced at trial established the requisite elements of the conspiracy offense. Because a rational trier of fact could have found that this evidence established beyond a reasonable doubt that Velez-Cortez was guilty of conspiracy, the evidence was sufficient to support the jury's verdict. See Jackson v. Virginia, 443 U.S. 307, 318 (1979).

The district court's refusal to grant Celis-Chavez a reduction for his role in the offense is entitled to great deference and is reviewed for clear error. See Burton v. United States, 237 F.3d 490, 503 (5th Cir. 2000); United States v. Devine, 934 F.2d 1325, 1340 (5th Cir. 1991). The evidence produced at trial established that Celis-Chavez actively participated in the kidnapping incident that instigated the hostage taking offense. Accordingly, the district court's finding that Celis-Chavez did not have a mitigating role in the instant offense must be upheld.

The district court's ruling regarding the admission of extrinsic offense evidence is reviewed for an abuse of discretion. See United States v. Anderson, 933 F.2d 1261, 1267-68 (5th Cir.

1991).  Because the extrinsic offense evidence regarding Celis-Chavez was relevant to an issue other than character and possessed probative value that was not outweighed by substantially by the danger of unfair prejudice, the district court did not abuse its discretion by admitting that evidence.  See United States v. Gordon, 780 F.2d 1165, 1173-74 (5th Cir. 1986).  Moreover, even if the evidence had been improperly admitted, any error was rendered harmless by the limiting instruction.  See id. at 1174-75.

The district court's judgments of conviction regarding both Velez-Cortez and Celis-Chavez is AFFIRMED.