# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-51433
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEON LAMONT BAILEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-16-ALL

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leon Lamont Bailey, federal prisoner # 91815-080, pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon and was sentenced to 110 months of imprisonment. Bailey moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his pro se "Nunc Pro Tunc Motion for Amended Sentence for Concurrency, and Amended Judgment for Concurrency." The district court denied Bailey leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP on appeal certifying that the appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

By moving for leave to proceed IFP, Bailey is challenging the district court's certification that the appeal is not taken in good faith. See Baugh, 117 F.3d at 202. In his IFP motion, Bailey argues that the district court misapplied U.S.S.G. § 5G1.3(b) by failing to order that his federal sentence run concurrently with his state sentence for burglary. Bailey also contends that trial counsel was ineffective for failing to request that his federal sentence run concurrently with his state sentence. Bailey further asserts that the district court erred by failing to construe his nunc pro tunc motion as a 28 U.S.C. § 2255 motion.

As federal courts are courts of limited jurisdiction, Bailey must have statutory authority for the filing of his motion. Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1998). Although 18 U.S.C. § 3582(c) allows a district court to modify a sentence under certain narrow circumstances, none of those circumstances are applicable to Bailey's motion. See § 3582(c). Bailey also is precluded from obtaining relief under 18 U.S.C. § 3742, as relief thereunder is reserved only for direct appeals. See § 3742. Bailey's motion on it face was therefore unauthorized, and the district court was without jurisdiction to entertain it. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

The district court could have construed the motion as arising under § 2255, but it did not do so, and any error by the district court is harmless. Bailey's claim that the district court misapplied the Sentencing Guidelines is not cognizable in a § 2255 motion. See United States v. Williams, 183 F.3d 458, 462 (5th Cir. 1998). Bailey's claim of ineffective assistance of counsel, raised nearly six years after his conviction became final, would be untimely. § 2255. Although the one year limitation period may be equitably tolled in "rare and exceptional circumstances," see Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000) (internal quotation marks and citation omitted), Bailey fails to allege any

circumstance so rare and exceptional as to justify his failure to seek relief for approximately six years. See Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999).

As Bailey has failed to allege an arguably meritorious ground for appeal, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.