# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

No. 08-20816
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS MIGUEL CELIS-CHAVEZ, also known as Chirris,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-79-7

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The federal district court sentenced Santos Miguel Celis-Chavez (Celis) – federal prisoner # 13822-179 – to 120 months of imprisonment for aiding and abetting the harboring of illegal aliens for commercial advantage and private

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-20816

financial gain and conspiring to commit hostage taking.[1]  This court upheld his conviction on direct appeal.[2]

Celis moved in the district court for § 2255 relief, which the court denied. This court refused him a certificate of appealability.  Celis next moved the district court to reduce his sentence pursuant 18 U.S.C. § 3742.  The district court denied the motion.  Celis now – in his third time before this court – appeals the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3742.

The Government's motion to dismiss this appeal is GRANTED.  Celis's motion lacks a jurisdictional basis; it is a "meaningless, unauthorized motion."[3]

Furthermore, Celis's appellate brief exceeds the topical scope of his motion before the district court.  To the extent that we liberally could construe his pro se brief as a type of § 2255 motion, it would be a successive petition.  Celis has not shown the court either newly discovered evidence or a new rule of constitutional law – at least one of which is required for this court to certify a successive petition.[4]

---

[1] *See* 8 U.S.C. § 1324(a)(1); 18 U.S.C. § 1203(a).

[2] *See United States v. Velez-Cortez*, 83 F. App'x 633 (5th Cir. 2003) (unpublished).

[3] *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  *See also United States v. Bailey*, 265 F. App'x 426, 426 (5th Cir. 2008) ("[Prisoner] also is precluded from obtaining relief under 18 U.S.C. § 3742, as relief thereunder is reserved only for direct appeals. . . . [Prisoner's] motion on it face was therefore unauthorized, and the district court was without jurisdiction to entertain it.") (unpublished).

[4] *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244.  *See also Burton v. Stewart*, 549 U.S. 147, 153 (2007) ("A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).").

No. 08-20816

It follows that the Government's motion for an extension of time to file a brief; Celis's motions for appointment of counsel and for summary judgment; and any other outstanding motions are DENIED as moot.