IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-40238
Summary Calendar

IPOLITO CAMPOS

Petitioner-Appellant

v.

PAUL KASTNER, Warden/chief Executive Officer

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-96

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ipolito Campos, federal prisoner # 54618-083, seeks to appeal the district court's dismissal of his action that he characterized as an independent action in equity. Campos was convicted in the Eastern District of Virginia of assaulting and attempting to murder a police officer. Campos's conviction was affirmed on direct appeal to the Fourth Circuit. United States v. Campos, 136 F. App'x 557 (4th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal to this court, Campos argues that he did not commit the crimes of assaulting and attempting to murder a police officer and equity therefore prevented him from being convicted and imprisoned for crimes that were thus an impossibility.

One of the essential elements of an independent action in equity is a showing of the absence of any adequate remedy at law. Bankers Mortgage Co. v. U.S., 423 F.2d 73, 79 (5th Cir. 1970). The Supreme Court has further noted that an independent action in equity should be available only to prevent a grave miscarriage of justice. United States v. Beggerly, 524 U.S. 38, 45 (1998). Campos's action did not meet these demanding standards.

Since Campos's action was not filed in the federal district court in which he was convicted and sentenced, the district court did not have jurisdiction to alternatively treat his action as a motion under 28 U.S.C. § 2255. See Pack v. Yousuff, 218 F.3d 448, 451 (5th Cir. 2000). Because Campos did not assert that he was convicted of an offense that is nonexistent as to all persons, his action also did not meet the essential criteria of a claim under 28 U.S.C. § 2241 made in conjunction with the savings clause of § 2255(e). See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Campos therefore filed an unauthorized action which the district court was without jurisdiction to entertain. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994). Campos has thus appealed from the dismissal of a meaningless, unauthorized action. Id. We affirm on the basis that the district court lacked jurisdiction. Id.

AFFIRMED.