# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-40678
Summary Calendar

MARK ANTHONY SHADE

Plaintiff-Appellant

v.

WARDEN KEITH ROY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-187

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Shade, federal prisoner # 04410-063, appeals the district court's dismissal of his action that he characterized as an independent action in equity. Shade had pleaded guilty in the Eastern District of Oklahoma to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and to carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924. Shade argues that he was "twice punished for the same offense"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he received an enhancement based on prior convictions and that he was "convicted and imprisoned for the impossibility of carrying a firearm" and being a felon in possession of a firearm. Shade contends that he had no knowledge that a firearm was sealed within the wall of the house that he was remodeling and that the Government never introduced evidence that he carried a firearm during a drug offense.

One of the essential elements of an independent action in equity is a showing of the absence of any adequate remedy at law. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970). An "independent action cannot be made a vehicle for the relitigation of issues." *Id.* The Supreme Court has further noted that an independent action in equity should be available only to prevent a grave miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Shade essentially challenges the sufficiency of the evidence to support his convictions and has shown only that he has not been satisfied with the results of the at law remedies available to him. Shade's action does not meet the demanding standards for sustaining an independent action in equity.

Since Shade's action was not filed in the federal district court in which he was convicted and sentenced, the district court did not have jurisdiction to alternatively treat his action as a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Shade did not assert that he was convicted of an offense that is nonexistent as to all persons, his action also did not meet the essential criteria of a claim under 28 U.S.C. § 2241 made in conjunction with the savings clause of § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To the extent that Shade makes an argument similar to that of the petitioner in *Reyes-Requena*[1] – that the firearm

---

[1] In *Reyes-Requena*, the petitioner was convicted of "using" a firearm, even though the evidence was that the firearm was located in a bedroll. After Reyes-Requena's conviction, the United States Supreme Court construed the statute under which he was convicted to require physical use of a firearm, not mere presence. Because the intervening Supreme Court decision was one of statutory interpretation rather than constitutional law, Reyes-Requena was barred from bringing the claim as a successive habeas. Accordingly, our court held that his case presented the narrow situation where § 2241 relief was available because a new Supreme

was in the wall and, therefore, he could not have carried it during the drug offense – his situation is different. Unlike the petitioner in that case, his current argument was available to him at the time of his conviction, and he could have raised it on direct appeal or in a timely § 2255 petition.

Shade therefore filed an unauthorized action which the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Shade has appealed from the dismissal of a meaningless, unauthorized action. *Id.* We affirm the dismissal on the basis that the district court lacked jurisdiction to decide this case. *Id.*

AFFIRMED.

---

Court case established a new rule that was previously unavailable by circuit precedent. By contrast, Shade's conviction came many years later at a time when he could have argued the alleged lack of "carrying" in a timely fashion.