**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-11076
c/w No. 08-11078 &
No. 08-11079
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC NELSON BERTRAM,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:86-CR-36, No. 2:82-CR-5-ALL, and No. 2:86-CR-30-ALL

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Eric Nelson Bertram, federal prisoner # 12204-077, seeks this court's authorization to proceed in forma pauperis (IFP) in three appeals. Because each appeal presents the same issue, we ORDER case no. 08-11076, case no. 08-11078, and case no. 08-11079 consolidated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In each case from which these consolidated appeals arose, the district court denied Bertram relief from his sentence, which he had sought under 18 U.S.C. § 3742. The district court reasoned that § 3742 applies only on direct appeal, that each of Bertram's direct appeals had been dismissed years earlier, and that consequently the district court had no jurisdiction to grant relief under § 3742.

Bertram's briefs and IFP motions in this court do not address the question of the district court's jurisdiction to review his sentence under § 3742. Accordingly, Bertram is deemed to have abandoned any challenge to the denial of his IFP motions and the dismissal of his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, given that Bertram presents no other meritorious challenge and that "it is apparent that [the appeals] would be meritless," dismissal is proper. *Baugh v. Taylor*, 117 F. 3d 197, 202 n. 24 (5th Cir. 1997); *see also United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) ("The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction."); 5TH CIR. R. 42.2.

MOTIONS TO PROCEED IFP DENIED; APPEALS DISMISSED AS FRIVOLOUS.