# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 10-51214
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAICA LATRIN MCDADE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-86-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jamaica Latrin McDade, federal prisoner # 36188-180, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's order denying his motion, brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to set aside the sentence imposed following his conviction of possession with intent to distribute phencyclidine. McDade moved for IFP below, but the district court denied McDade's IFP motion and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51214

This court's inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If this court upholds the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Alternatively, this court may dismiss the appeal sua sponte under 5TH CIR. R. 42.2 if it is frivolous. *Id.* at 202 n.24.

McDade argues that the district court improperly sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1. Relying on *Castro v. United States*, 540 U.S. 375, 383 (2003), McDade argues that Rule 60(b) is a proper vehicle for bringing his sentencing claim.

In *Castro*, the Supreme Court concluded that a district court intending to recharacterize a pro se pleading as an initial § 2255 motion must notify the pro se litigant of the intended recharacterization, inform the litigant of the consequences that the recharacterization will have on subsequent § 2255 motions, and provide the litigant with an opportunity to withdraw or amend the motion. 540 U.S. at 383. Nothing in *Castro* suggests that Rule 60(b) may be used to collaterally attack a criminal judgment. This appeal is thus "from the denial of a meaningless, unauthorized motion." *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, McDade's appeal of the dismissal of this motion is dismissed as frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

McDade is cautioned that any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions. To avoid sanctions, McDade should review any pending matters to ensure that they are not frivolous.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.