# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

Lyle W. Cayce
Clerk

No. 11-50339
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO RUELAS TORRES, also known as Nacho,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-289-1

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Ignacio Ruelas Torres (Torres), federal prisoner # 97142-180, pleaded guilty to accepting bribes and conspiring to defraud the United States and was sentenced to concurrent sentences of 60 and 84 months. Torres did not appeal, but he filed an unsuccessful 28 U.S.C. § 2255 motion. *United States v. Torres*, No. 09-50762 (5th Cir. Mar. 30, 2010) (unpublished order denying a certificate of appealability).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50339

Torres now appeals the denial of two motions he filed in the district court in 2011. The first was a "Motion under FED. R. CIV. P. 60(b)(4)," and the second was a similar "Motion Pursuant to 18 USC 3742(a) & (c)." In both motions, he ignored his concurrent sentences and argued that the total sentence imposed was 144 months rather than 84. He also contends that he did not agree to the concurrent 60-month sentence or to any term of supervised release. The district court denied the motions and alternatively dismissed them after finding that neither could be construed in any manner as a suitable vehicle for seeking relief. Torres also moves for appointment of counsel and for leave to appeal in forma pauperis (IFP).

The motion to proceed IFP is construed as a challenge to the district court's certification that an appeal would be frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We ask only whether the appeal presents any issue that is not frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We may dismiss a frivolous appeal. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Torres's motions attacking his conviction and sentence were unauthorized and without any jurisdictional basis under § 3742, 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60, or any other federal rule or statute. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Consequently, Torres cannot identify any nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, the motion to appeal IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The motion to appoint counsel is also DENIED.