**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Paul EDMOND, III, Defendant–
Appellant.**

**No. 12–30855
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 22, 2013.

348

Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Paul Edmond, III, Yazoo City, MS, pro se.

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Paul Edmond, III, federal prisoner # 12698–035, appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the amendment to the Sentencing Guidelines that implemented the Fair Sentencing Act (FSA) of 2010. He also appeals the district court's denial of his subsequent "objection" to the denial of a sentence reduction and his motion for leave to supplement his pending motion for reconsideration pursuant to § 3582(c)(2).

Under the Guidelines, as amended by the FSA, Edmond's base offense level remains unchanged because he was held accountable for 31.8 grams of cocaine base, and, after the amendment, a base offense level of 26 applies to "at least 28 G but less than 112 G of Cocaine Base." *See* U.S.S.G. § 2D1.1(c)(7). Edmond thus was ineligible for a sentence reduction because the amendment did not reduce his guidelines range. *See* § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Moreover, to the extent Edmond challenges the district court's failure to consider the 18 U.S.C. § 3553(a) sentencing factors and exercise its discretion to resentence him, the district court otherwise lacked discretion to resentence him. *See Dillon v. United States,* 560 U.S. 817, 130 S.Ct. 2683, 2691–94, 177 L.Ed.2d 271 (2010).

Further, Edmond has not shown that he was entitled to a sentence reduction through either his "objection" or his motion for leave to supplement his motion for reconsideration. District courts have limited authority to correct a sentence. *See* § 3582(b). However, none of the requirements for relief, as set forth in § 3582(b), were satisfied here. The Bureau of Prisons did not move to reduce Edmond's sentence. *See* § 3582(c)(1)(A). Nor did Edmond file a motion to modify his sentence within 14 days of being sentenced. *See* § 3582(c)(1)(B); Fed.R.Crim.P. 35(a). The Government did not move for a sentence reduction for substantial assistance. *See* § 3582(c)(1)(B); Fed.R.Crim.P. 35(b). Finally, as discussed above, the amendments did not reduce Edmond's guidelines range of imprisonment, and thus he was ineligible for a sentence reduction. *See* § 3582(c)(2). Consequently, because neither Edmond's "objection" nor his motion for leave to supplement could be construed in such a way that relief was possible, he has appealed from the denial of "meaningless, unauthorized motion[s]." *United*

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

*States v. Early,* 27 F.3d 140, 141–42 (5th Cir.1994).

AFFIRMED.