# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON DEL MULDER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-657

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jason Del Mulder pleaded guilty, pursuant to a written plea agreement, to distribution of child pornography; he was sentenced to 110 months of imprisonment. Approximately 18 months after entry of the judgment of conviction, Mulder filed a motion to withdraw his guilty plea, arguing, inter alia, that counsel rendered ineffective assistance and that the district court lacked subject matter jurisdiction over the criminal proceeding. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20280

court denied the motion to withdraw.  Now, Mulder moves this court for authorization to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his motion to withdraw guilty plea, as well as the denials of his motion for declaratory judgment and his motion for reconsideration.

Under Federal Rule of Criminal Procedure 11(e), Mulder could not withdraw his guilty plea once the district court imposed his sentence.  Rather, the guilty plea could be set aside "*only* on direct appeal or collateral attack." *See* FED. R. CRIM. P. 11(e) (emphasis added).  Because Mulder's motion to withdraw guilty plea was filed after he was sentenced, his motion was unauthorized and without a jurisdictional basis.  *See id*.; *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  Mulder thus has not demonstrated a nonfrivolous issue for appeal.  Accordingly, his motion to proceed IFP on appeal is denied, FED. R. APP. P. 24(a), and his appeal is dismissed as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.