# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODOLFO BRISENO-MARTINEZ, also known as Rudy,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3172-3

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

In 2011, Rodolfo Briseno-Martinez, federal prisoner # 96402-004, pleaded guilty to conspiracy to possess, with intent to distribute, more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841, 846, and conspiracy to possess firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924. Sentenced, *inter alia*, to 204 months' imprisonment, he did not appeal his conviction or sentence.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50319

Proceeding *pro se*, Briseno challenges the district court's denial of his motions in 2014 to dismiss the indictment, conviction, and sentence, for lack of exclusive legislative and subject-matter jurisdiction.  He asserts the indictment did not confer jurisdiction, and the Government failed to establish federal jurisdiction.  In support, Briseno contends the Government did not prove he was in a territory or possession of the United States at the time of the offense.

We conclude Briseno's challenge is "from the denial of [ ] meaningless, unauthorized motion[s]" the district court was without jurisdiction to consider. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  The primary means of collaterally attacking a federal conviction and sentence is a motion under 28 U.S.C. § 2255.  *E.g., Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The district court could not construe Briseno's motions as arising under § 2255 without:  giving him notice of its intent to characterize the motions as § 2255 motions; warning that such a characterization would restrict his ability to file future § 2255 motions; and allowing him the opportunity to withdraw or amend.  *Castro v. United States*, 540 U.S. 375, 383 (2003).

Additionally, as the court noted, the motions could not be construed as arising under Federal Rule of Civil Procedure 12(b)(1), as Briseno asserted, because that rule does not govern criminal proceedings.  Moreover, although his motions claimed the court lacked jurisdiction over the criminal proceedings, Briseno's criminal matters were no longer pending when he filed the motions; therefore, they were not authorized under Federal Rule of Criminal Procedure 12(b)(2).  *See* Fed. R. Crim. P. 12(b)(2).

AFFIRMED.