# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO LEMUS-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-451-1

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fernando Lemus-Gonzalez, federal prisoner # 72460-179, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his Federal Rule of Procedure 52(b) motion for collateral relief from his conviction and sentence for eight counts of transporting an undocumented alien for private financial gain by means of a motor vehicle and causing the death of five aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40162

(a)(1)(B)(iv), and 18 U.S.C. § 2. By moving this court for leave to proceed IFP, Lemus-Gonzalez is challenging the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Rule 52(b) does not provide a procedural mechanism for collaterally challenging a prisoner's conviction or sentence; rather, "recourse may be had to [Rule 52(b)] only on appeal[.]" *United States v. Frady*, 456 U.S. 152, 163 (1982). Lemus-Gonzalez thus appeals the denial of a "meaningless, unauthorized motion." *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, we DENY the IFP motion and DISMISS the appeal AS FRIVOLOUS. *See* 5TH CIR. R. 42.2; *Howard*, 707 F.2d at 220.