# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10778

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS RICHARD DREW,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-420
USDC No. 3:04-CR-48-1

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Chris Richard Drew, federal prisoner # 04511-112, seeks a certificate of appealability (COA) to appeal the district court's rejection of his motions filed pursuant to Federal Rules of Civil Procedure 60(b)(4) and 59(e). Further, he seeks leave to proceed in forma pauperis (IFP) on appeal.

Inasmuch as Drew argues that the district court erred in denying relief based on a finding that the rules of civil procedure do not apply in criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10778

proceedings, he is appealing from "meaningless, unauthorized" motions that the district court lacked jurisdiction to consider. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Because an appeal on this ground lacks arguable merit, it is DISMISSED. *See* 5TH CIR. R. 42.2. Accordingly, Drew's IFP motion is DENIED, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), and a COA is DENIED as unnecessary, *see* 28 U.S.C. § 2253(c)(1)(B).

To the extent Drew seeks to appeal from the district court's ruling that his Rule 60(b)(4) motion constituted an unauthorized successive 28 U.S.C. § 2255 motion, he has not made the requisite showing for a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); 28 U.S.C. § 2244(b)(1). Accordingly, a COA is DENIED.

Considering Drew's argument that his motion for reconsideration was a common-law motion for reconsideration in a criminal case results in a conclusion that it was untimely filed. *See United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992); FED. R. APP. P. 4(b)(1). Finally, even if Drew's motion for reconsideration had been filed in the civil proceeding addressing his earlier § 2255 motion, it was an untimely Rule 59(e) motion to the extent it sought reconsideration of the district court's rejection of § 2255 relief. *See* FED. R. CIV. P. 59(e). If the motion for reconsideration were construed as a timely Rule 60(b) motion filed in the § 2255 proceeding, Drew has not shown that the issue deserves encouragement to proceed further. *See Miller-El*, 537 U.S. at 327; *Gonzalez*, 545 U.S. at 532. As to these issues, a COA is DENIED.