# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10298
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT LEE HODGES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-174-1

Before BENAVIDES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Robert Lee Hodges, federal prisoner # 42263-177, appeals the denial of his "Motion Pursuant to Rule 52(b) [of the Federal Rules of Criminal Procedure] Error in Sentencing Guidelines Calculation," which challenged the sentence he received following his guilty plea conviction for possession with intent to distribute 500 grams or more of cocaine. In his motion, Hodges asserted that the district court failed to follow circuit precedent in denying him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10298

a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and in determining that an upward departure was appropriate under U.S.S.G. § 4A1.3. The district court concluded that the motion was without merit.

On appeal, Hodges contends that the district court's failure to provide reasons for its decision renders this court unable to engage in appellate review. He also repeats his assertions that he is entitled to relief from the purportedly improper actions at sentencing. Hodges maintains that he is entitled to proceed under Rule 52(b) but that if his citation to that rule was incorrect, the district court should have construed his motion as arising under Federal Rule of Civil Procedure 60(b).

Contrary to Hodges's assertion, Rule 52(b) does not provide a procedural mechanism for collaterally challenging a prisoner's conviction or sentence; rather, "recourse may be had to [Rule 52(b)] only on appeal[.]" *United States v. Frady*, 456 U.S. 152, 163 (1982). Likewise, Rule 60(b) is not applicable in criminal proceedings. *See* FED. R. CIV. P. 1. A collateral challenge to a federal sentence must be raised under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); § 2255(a). However, because Hodges had filed a prior § 2255 motion, he was required to obtain authorization to file a successive motion, which he did not do. *See* 28 U.S.C. §§ 2244(b), 2255(h).

Hodges's motion was an unauthorized motion that the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, we AFFIRM on alternate grounds. *See id.*