# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10004

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELI TREVINO MUNGIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-97
USDC No. 5:95-CR-17-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Eli Trevino Mungia, federal prisoner # 26371-077, filed a Federal Rule of Civil Procedure 60(b)(6) motion in his criminal proceedings, in which he argued that there was no basis for federal jurisdiction over the crimes he committed in Lubbock, Texas, and that the federal prosecutor's misconduct in bringing an indictment against him constituted a fraud upon the court. Mungia stands convicted of conspiracy to interfere with federally protected

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activities in violation of 18 U.S.C. § 371; interference with federally protected activities in violation of 18 U.S.C. § 245(b)(2)(B); using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), 5871. The district court denied his Rule 60(b) motion and denied him a certificate of appealability (COA). Mungia moves for a COA and for leave to proceed in forma pauperis (IFP) on appeal.

To the extent that Mungia challenges the district court's denial of his Rule 60(b) motion in the context of his criminal proceedings, he is appealing from a "meaningless, unauthorized" motion that the district court lacked jurisdiction to consider. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Because an appeal on this ground lacks arguable merit, it is DISMISSED. *See* 5TH CIR. R. 42.2. Accordingly, Mungia's IFP motion is DENIED, see *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), and a COA is DENIED as unnecessary, *see* 28 U.S.C. § 2253(c)(1)(B).

To the extent that the district court's denial of a COA implicates Mungia's prior civil postconviction proceedings and Mungia seeks a COA to appeal the district court's denial of his Rule 60(b) motion in that context, he has not made the requisite showing for a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); 28 U.S.C. § 2244(b)(1). Accordingly, a COA is DENIED.

Mungia was previously warned that frivolous, repetitive, or otherwise abusive filings would invite the imposition of sanctions. *See In re Mungia*, No. 16-10307 (5th Cir. June 21, 2016) (unpublished). Mungia is again WARNED that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his convictions and sentences in this court or any court subject to this court's jurisdiction will invite the imposition of

No. 18-10004

sanctions, including dismissal, monetary sanctions, and possibly denial of access to the judicial system.