# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-20638
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2019

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE STOWE, also known as Dr. Larry Stowe,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-803-1

————————

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Lawrence Stowe, federal prisoner #44190-424, previously filed a 28 U.S.C. § 2255 motion, which the district court denied. We dismissed the resulting appeal based on Stowe's failure to file a timely notice of appeal. *See United States v. Stowe,* No. 18-20171 (5th Cir. June 21, 2018). Following our dismissal, Stowe filed a "Motion to Correct Plain Error" in the district court, which purportedly was based on Federal Rule of Criminal Procedure 52(b) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20638

Federal Rule of Appellate Procedure 4. The district court construed this as a motion to extend the time to file a timely notice of appeal and to reinstate the prior appeal. However, the district court dismissed the motion for lack of jurisdiction. Stowe appeals the dismissal of this motion and requests the appointment of counsel on appeal.

Stowe has not shown that the district court erred. To the extent he argues that his notice of appeal from his underlying Section 2255 motion was timely, we have already found it untimely and dismissed that appeal. Issues of fact or law previously decided on appeal may not be reexamined by a district court or in a subsequent appeal. *See United States v. Davis,* 609 F.3d 663, 693 (5th Cir. 2010); *see also Bowles v. Russell,* 551 U.S. 205, 214 (2007) (stating that equitable exceptions do not apply to the period for filing a notice of appeal in a civil action and that use of the "'unique circumstances' doctrine is illegitimate").

Construction of Stowe's motion as a motion to extend or reopen the time to file a notice of appeal pursuant to Rule 4 is unavailing. Even if we had not already decided the timeliness of his appeal, such a motion would itself be untimely under both Rule 4(a)(5) and Rule 4(a)(6). Stowe's reliance on Rule 52(b) also is misplaced. Rule 52 defines plain error in criminal proceedings on appeal and does not provide a mechanism for challenges in the district court. Thus, a Rule 52(b) motion would be "meaningless" and "unauthorized," and the district court lacked jurisdiction to consider it as such. *See United States v. Early,* 27 F.3d 140, 142 (5th Cir. 1994).

We conclude that the district court did not err in finding that it lacked jurisdiction to consider Stowe's motion.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.