# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20300
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RHONDA FLEMING,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2799

Before WIENER, SOUTHWICK, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, federal prisoner # 20446-009, appeals an April 8, 2019 order denying relief on various postjudgment motions she filed in a closed 28 U.S.C. § 2255 case after the district court warned her not to do so. The April 18, 2019 notice of appeal was not timely as to the district court's April 2014 order denying the § 2255 motion or an October 2018 order denying a motion to supplement and a motion for a hearing, nor were these dispositions designated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the notice of appeal.  Consequently, we lack jurisdiction to consider those decisions in the instant appeal.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); FED. R. APP. P. 4(a)(1)(B); FED. R. APP. P. 3(c)(1).

Fleming does not challenge the district court's April 8th order denying, dismissing, or striking her seven postjudgment motions although it was the only order designated in the notice of appeal.  By failing to do so, Fleming has abandoned the only issues over which we have jurisdiction.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  Moreover, the postjudgment motions were, essentially, meaningless, unauthorized motions which the district court was without jurisdiction to entertain.  *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  Accordingly, Fleming's appeal is without arguable merit, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), and it is therefore DISMISSED as frivolous, *see* 5TH CIR. R. 42.2.

Fleming was most recently sanctioned by this court, while this appeal was pending, on August 1, 2019, in denying her two petitions for writs of mandamus.  *In re Fleming,* No. 19-20128 c/w 19-20376, at 5 (5th Cir. Aug. 1, 2019) (unpublished) (imposing a $200 sanction).  Fleming is REMINDED that she is barred from filing any pleadings in this court or any court subject to this court's jurisdiction until the sanction has been paid in full, unless she first obtains leave of the court in which she seeks to file her pleadings.  Fleming is CAUTIONED that the filing of future frivolous or repetitive challenges to her conviction, sentence, or continued incarceration in this court or any court subject to this court's jurisdiction will subject her to additional and progressively more severe sanctions.