# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2021

Lyle W. Cayce
Clerk

No. 20-40594
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Fernando Mata,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-588-20

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Juan Fernando Mata, federal prisoner # 41264-479, pleaded guilty to conspiring to possess with intent to distribute 100 kilograms or more of marijuana and was sentenced in 2019 to 130 months of imprisonment. After denying Mata's August 2020 motion to withdraw his guilty plea, the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court denied his motion for leave to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP in this court, Mata challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

"After the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." FED. R. CRIM. P. 11(e). Mata's post-sentencing motion to withdraw his guilty plea was "an unauthorized motion which the district court was without jurisdiction to entertain." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *see* FED. R. CRIM. P. 11(e).

Further, since Mata had already been denied 28 U.S.C. § 2255 relief, and because we had not granted Mata authorization to file a second or successive § 2255 motion, the motion to withdraw would have been unauthorized even if the district court had construed it as a § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(C); § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001) (holding that § 2244(b)(3)(C) has been incorporated into § 2255). Mata has failed to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.