# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2022

Lyle W. Cayce
Clerk

No. 20-40508
CONSOLIDATED WITH
No. 20-40702

Marcos Ortiz,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-354

Before Elrod, Oldham, and Wilson, *Circuit Judges*.
Per Curiam:*

Marcos Lopez Ortiz, Texas prisoner # 1049113, has two consolidated appeals pending before us, No. 20-40508 and No. 20-40702. In the first appeal, the district court denied two *nunc pro tunc* motions that sought to have

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40508
c/w No. 20-40702

a new judge rule on Ortiz's 28 U.S.C. § 2254 habeas application on the ground that they were legally unsupported, denied Ortiz leave to proceed *in forma pauperis* (IFP), and certified that an appeal would not be taken in good faith. In the second appeal, the district court imposed sanctions, denied Ortiz leave to proceed IFP, and certified that an appeal would not be taken in good faith. Ortiz moves this court for leave to proceed IFP in both appeals.

By seeking leave to proceed IFP, Ortiz is challenging the district court's certifications that his appeals are not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain leave, Ortiz must show that he is financially eligible and that he will present a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If an appeal is frivolous, this court may dismiss it *sua sponte*. 5TH CIR. R. 42.2.

In appeal No. 20-40508, Ortiz seeks a certificate of appealability (COA) to challenge the district court's denial of the two *nunc pro tunc* motions. Because the motions were not authorized by rule or statute and could not provide the relief sought therein, we DENY a COA as unnecessary to appeal them. 28 U.S.C. § 2253(c)(1); *see Romero-Rodriguez v. Gonzales*, 488 F.3d 672, 677–79 (5th Cir. 2007); *United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994). Rather than remand, we DISMISS Ortiz's appeal from the denial of the motions as frivolous. *See Early*, 27 F.3d at 141-42. In light of Ortiz's failure to identify a nonfrivolous issue to raise in this appeal, his motion for leave to proceed IFP in this appeal also is DENIED. *See Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

In appeal No. 20-40702, Ortiz fails to address the district court's imposition of sanctions. Accordingly, he has waived review of that issue and fails to present a nonfrivolous issue for this court's review. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Baugh*, 117 F.3d at 202; *Howard*,

No. 20-40508
c/w No. 20-40702

707 F.2d at 220.  Accordingly, we DENY Ortiz leave to proceed IFP in this appeal and DISMISS the appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.