# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2022

Lyle W. Cayce
Clerk

No. 22-30138
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY GENTRY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-319-14

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Timothy Gentry, federal prisoner # 14627-032, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his pro se motion for a sentence reduction, which he filed pursuant to Federal Rule of Criminal Procedure 35(b). By moving in this court to proceed IFP, he is

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

challenging the district court's certification that any appeal would not be taken in good faith because, for the reasons relied upon in the order of dismissal, he will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

When his IFP motion and his brief are liberally construed, Gentry's primary argument is that the district court was biased against him, as shown by the district court's rulings in "Docket No. 1028." He fails to make a showing of bias. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Gentry also seemingly asserts that the district court had the authority to grant his Rule 35(b) motion. Contrary to his contention, a reduction may be granted under Rule 35(b) only "[u]pon the Government's motion." FED. R. CRIM. P. 35(b); *see United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994) (confirming that resentencing under Rule 35(b) "is permitted only on the Government's motion"). Thus, Gentry's motion, which sought a reduction in his sentence pursuant to Rule 35(b), was "unauthorized and without a jurisdictional basis." *Early*, 27 F.3d at 141.

Gentry fails to identify a nonfrivolous issue for appeal. Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. All outstanding motions are DENIED.