# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-40054
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Owen Garth Hinkson,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-134-2

—————————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Owen Garth Hinkson, former federal prisoner # 17785-038, moves for permission to proceed in forma pauperis (IFP) on appeal from the denial of his postjudgment motion for relief pursuant to Federal Rule of Civil Procedure 60(b). He argues that the written judgment for his 2000 conviction for illegal reentry should reflect that he was sentenced under 8

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40054

U.S.C. § 1326(b)(1) rather than § 1326(b)(2) because his 1987 Massachusetts conviction, which was the aggravated-felony conviction used to enhance his sentence under § 1326(b)(2), was vacated in 2005.

By moving for IFP status, Hinkson is challenging the district court's denial of leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997). This court may entertain such a motion when the district court denied the litigant leave to proceed IFP. Fed. R. App. P. 24(a). To proceed IFP on appeal, Hinkson must meet the financial criteria and must raise a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1).

The Federal Rules of Civil Procedure do not provide for relief in criminal proceedings. *See* Fed. R. Civ. P. 1; Fed. R. Crim. P. 1(a). Hinkson filed this Rule 60(b) motion in his criminal proceedings, attacking his criminal judgment. The motion was thus "a meaningless, unauthorized motion" that the district court lacked jurisdiction to consider. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

Even if Hinkson's motion is liberally construed as seeking relief under 28 U.S.C. § 2106, he has not identified a nonfrivolous appellate issue here. Accordingly, the appeal is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Hinkson's IFP motion is DENIED. *See Howard*, 707 F.2d at 219-20.

Hinkson is ADVISED that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his conviction or sentence will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).